Wilde J.
delivered the opinion of the Court. Several exceptions have been taken to the report of the master, none . of which, we think, can be sustained.
The first exception is, that the defendants were examined upon oath, on interrogatories before the master, he having no special authority by the order of reference thus to examine them.
The order is very general, and does not specify the principles upon which the accounts were to be taken by the master But neither party objected to the form of the order, or it *79 would have been drawn up, perhaps, with more precision. But this exception cannot be allowed, because it is not founded on any objection made before the master. Exceptions are always to be confined to objections disallowed or overruled by the master. Here we understand the defendants submitted to an examination, and it is too late to question the authority of the master.
In the second and third exceptions it is alleged, that the master, in auditing and stating the accounts, considered and allowed certain items not mentioned in the bill. But in so doing, we do not perceive that he exceeded his authority. The bill prays that a full and just account should be taken of the partnership concerns, and the master was directed to state such an account, and to report all the facts touching the same, which he might judge material. And this clearly authorized him to examine and state all the partnership accounts, whether the items were mentioned in the bill or not.
The fourth, fifth, and sixth exceptions are founded on the supposition that the master’s report is directly opposed to material facts and allegations contained in the answer of one of the defendants, as to which he contends the answer is conclusive. Thomas Crane states, in his answer, that he verily believes that Copeland had received his full share of all the profits arising from the partnership concerns, and that there was a balance due to the said Crane. Now it seems quite clear that such general allegations, containing matters of belief and conclusions from facts not particularly stated, are entitled to little or no weight in a hearing on the bill and answer. The answer is only conclusive as to facts directly and particularly averred ; and not as to matters of belief, unless the grounds of belief are disclosed, and are deemed sufficient. Now it appears by Thomas Crane’s answers to interrogatories put to him by the master, that he was ignorant of, or did not recollect, the material facts, a knowledge of which was requisite to justify his belief as stated in his answer. The decision of the master, therefore, on this point is unquestionably correct.
The remaining exceptions relate to the master’s report of the evidence, and the inferences drawn therefrom. It is objected, that the amount of disbursements is not stated. The *80 answer is, and we think it satisfactory, that the evidence was insufficient to show the full amount, and that a partial statement could not lead to any satisfactory result.
It is also objected, that the net profits are stated at a gross amount, without stating the items. But this mode of stating the account was necessary, arising from a defect of evidence, and at the hearing was acquiesced in by both parties. If the amount of these profits could not be ascertained with perfect certainty, it was owing to the neglect of Thomas Crane, who kept the books, and received the profits. He therefore has no just cause of complaint, since it was his duty to render a true and exact account of the expenditures and profits.

Exceptions disallowed.