## A. V. & M. A. WILLIS v. E. & F. DONAC.

(Case No. 4967.)

1. BILL OF EXCEPTIONS — PRACTICE.— A bill of exceptions signed and filed after the adjournment of the term will be disregarded, as has been held before in many cases, some of which are cited. Even when properly filed, if it relates to the exclusion of evidence, and fails to disclose the grounds of objection to its introduction, and the evidence would be admissible under some circumstances, it can afford no ground for reversal.

2. ASSIGNMENT OF ERRORS — PRACTICE.— An assignment of error based on an alleged error in admitting evidence will be disregarded when the record fails to disclose that the evidence was objected to at the time.

APPEAL from Llano. Tried below before the Hon. John C. Townes.

It is unnecessary to give a statement of this case, since the opinion relates only to matters of practice.

*W. H. Miller* and *John Dowell,* for appellant.

STAYTON, ASSOCIATE JUSTICE.— The question involved in this case was evidently one of boundary; for the title of the appellees to the Phillip Jung survey is admitted, as is the title of the appellants to the George Wengal survey.

The manner in which the respective parties acquired titles to these surveys, which are contiguous, does not appear; it, however, appears by evidence not objected to, that the Jung survey once belonged to O. A. Cooley.

The first assignment calls in question the ruling of the court below in admitting the evidence of the witness Weeks, who testified to the declarations of Joseph Willis, who was formerly a party defendant (he, however, having disclaimed any interest, and being dead at the time of the trial), as to the land in controversy being a part of the Jung survey.

The bill of exceptions in reference to this matter is contained in the statement of facts, which was not filed until after the adjournment of the court for the term. This is fatal to this exception, for it is well settled that bills of exception must be signed and filed during the term; and the fact that they are incorporated in a statement of facts, filed on proper order after the close of the term, does not change the rule prescribed by the statute and the rules for the district courts. Lockett *v.* Schurenberg, 60 Tex., 610 (3 T. L. R., 98), in which the cases are collected; Blum *v.* Schram & Co., 58 Tex., 524; G., C. & S. Fe R. R. Co. *v.* Eddins, 3 T. L. R., 67.

There is another objection to the bill of exceptions, it does not show what the objection to the evidence was. It may be that the person whose declaration was proved was present when the land was originally surveyed, and was qualified to speak as to the true line; if so, he being dead, proof of his declarations was admissible.

Bills of exception on their faces, or in connection with the pleadings and statement of facts, should clearly show that evidence objected to was not admissible.

The second assignment calls in question the correctness of the ruling of the court in admitting in evidence an executory contract for the sale of the Jung survey by O. A. Cooley to Joseph Willis,

made in the year 1875. This matter is presented through a bill of exceptions, which was taken and preserved as was the one before referred to, and, like it, giving none of the grounds of objection. For the reasons before given this assignment cannot be considered; but if it could, the record not showing the chain of appellees' title, the paper may have constituted a link in it.

The record does not show that the deed from the sheriff of Llano county to O. A. Cooley for the Jung survey, and purporting to have been made in pursuance of a sale made by the sheriff under an execution in favor of O. A. Cooley against Joseph Willis, issued on a judgment of November 29, 1878, in favor of the former and against the latter, was objected to by the appellants; hence, the assignment based on its introduction cannot be considered.

The fourth assignment is in effect that the court erred in overruling the motion for a new trial.

The motion for new trial was based on some of the matters already considered, and on the further general ground that the finding of the court was contrary to the law and evidence.

Neither the assignment of error nor the motion for new trial point out any particular matter in reference to which the finding was erroneous, and in such case we are not required to seek for errors which counsel have not pointed out in the assignment nor presented in the brief.

There is some conflict in the evidence as to the boundary between the two surveys, but it cannot be said that the preponderance of the evidence is not in favor of the finding in the court below. The judgment is affirmed.

AFFIRMED,

[Opinion delivered May 16, 1884.]