MYERS v. GRANTHAM.    (No. 5694.)

(Court of Civil Appeals of Texas.    San Antonio.    June 7, 1916.    Rehearing Denied June 27, 1916.)

1. ACCOUNT, ACTION ON ⬥⟞⟝6(1)—ACTIONS—PLEADING—"OPEN ACCOUNTS."

An action on implied agreement to pay for labor performed and contract to pay commission for procuring buyer for land is not an "open account," and pleadings need not conform to statute as to open accounts.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 8; Dec. Dig. ⬥⟞⟝6(1).

For other definitions, see Words and Phrases, First and Second Series, Open Account.]

2. APPEAL AND ERROR ⬥⟞⟝930(3)—PRESUMPTIONS.

By specific requirement of Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, if an issue made by the pleadings is not submitted to the jury, no request therefor having been made, it will be deemed to have been found by the court to support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3759; Dec. Dig. ⬥⟞⟝930(3).]

3. ACCORD AND SATISFACTION ⬥⟞⟝26(1), 27—BURDEN OF PROOF.

Accord and satisfaction must be proved as any other agreement, and peremptory instruction thereon is properly refused in the face of conflicting evidence.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 31, 59, 83, 97, 110, 135, 150, 162; Dec. Dig. ⬥⟞⟝26(1), 27.]

4. TRIAL ⬥⟞⟝29(1)—CONDUCT OF COURT—INTERROGATION OF JURY.

The court may interrogate the jury when it reports as to its answer to a special issue, in open court and in the presence of counsel for both parties.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80, 508; Dec. Dig. ⬥⟞⟝29(1).]

5. APPEAL AND ERROR ⬥⟞⟝1170(1)—SCOPE OF REVIEW—HARMLESS ERROR.

Under rule 62a (149 S. W. x) the court will not reverse a judgment for errors not reasonably calculated to cause, or not causing, rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4454, 4540; Dec. Dig. ⬥⟞⟝1170(1).]

6. WORK AND LABOR ⬥⟞⟝30(2)—REASONABLE VALUE—QUESTION FOR JURY.

Where the petition alleged that the reasonable value of services was a certain sum, the issue of reasonable value was for the jury.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 59–62; Dec. Dig. ⬥⟞⟝30(2).]

Appeal from Caldwell County Court; J. T. Ellis, Judge.

Action by J. R. Grantham against A. E. Myers. Judgment for plaintiff, and defendant appeals. Affirmed.

Fred L. Blundell, and Monroe & Richards, all of Lockhart, for appellant. Jno. N. Gambrell and T. De Witt Gambrell, both of Lockhart, for appellee.

SWEARINGEN, J. Appellee sued for compensation for services or labors rendered appellant during the year 1912 upon an implied promise by appellant to pay appellee one-half the gross receipts for pasturage received by appellant from various persons who might use appellant's pasture, which was alleged to be the reasonable value of his services. The services or labor rendered, described in general terms, was riding the pasture fence, keeping them in repair, caring for the stock pastured, and keeping the stock in the pasture. The amount sued for was $25 which was one-half of $50, the gross receipts by appellant for the year. Appellee also sued for a balance of $79.50 due on an express contract, by which appellant promised appellee 5 per cent. of the price paid by A. L. Clem, the buyer for appellant's land. There were 960 acres alleged to have been sold for $6.50 per acre. All the commission had been paid to appellee except, as alleged, $79.50. Appellant denied both items of indebtedness, answered that he had paid all that the agreement for commission called for, and pleaded accord and satisfaction of the amount of the commission. Also set out several other defensive pleas not necessary to mention. The court submitted special issues to the jury, which answered all questions in favor of appellee. Upon the jury's verdict, after a remittitur of $6, the court rendered judgment against appellant for $100.91.

[1] The first and second assignments complain that the trial court erred in overruling appellant's exception to appellee's petition. The exceptions to the petition were founded upon the mistaken theory that the implied agreement for services in looking after appellant's pasture and the contract to pay appellee a commission for procuring a buyer for appellant's land were open accounts, and that appellee's petition was not in compliance with the statute, providing manner of pleading and proof of open accounts. Vernon's Sayles' C. S. art. 3712. The obligations sued on were not open accounts within the meaning of the statute (article 3712). McCamant v. Batsell, 59 Tex. 363; Railway v. Daniels, 62 Tex. 70; Ballard v. McMillan, 5 Tex. Civ. App. 683, 25 S. W. 327. The first and second assignments are overruled.

[2, 3] The third assignment is that the court erred in refusing to give the following requested instruction:

"You are instructed as part of the law applicable to this case that plaintiff cannot recover of defendant any amount due as commissions for the sale of land."

The reason urged by appellant for this peremptory instruction to find for appellant appears in the first proposition as follows:

"Where a claim is unliquidated or disputed, payment and acceptance of a less sum in satisfaction thereof operates as an accord and satisfaction."

The issue of accord and satisfaction was made by the pleadings, and there was a conflict of evidence upon the issue. The issue was not submitted to the jury. But the submission of the issue was not requested in writing by the appellant. The issue will be

deemed by this court as found by the trial court to support the judgment. Vernon's Sayles' C. St. art. 1985. The facts of the case at bar did not authorize a peremptory instruction because of accord and satisfaction, because accord and satisfaction must be proven as any other agreement. Bergman Produce Co. v. Brown, 172 S. W. 554; Johnson v. Hoover, 165 S. W. 900. The testimony of appellee positively denied any agreement of accord and satisfaction; denied the claim was disputed; showed it was a liquidated claim; denied that the last check for an amount, plus the others, less than the whole sum claimed, was either given or accepted in full satisfaction. On the other hand, appellant's testimony tends to show that appellant told appellee the check was in full settlement of a disputed claim, and that appellee accepted it with that condition. This conflict in the testimony was decided in favor of appellee by the court, as shown above. The third assignment is overruled.

[4] The fourth assignment is based upon the conduct of the court in discussing with the jury its answer to special issue No. 9 and sending the jury back for further deliberation. The court had the right to interrogate the jury as it did in open court, in the presence of counsel for both parties. There is no improper conduct of the court shown by the bill of exception. Furthermore, if error, it was not such prejudicial error as authorizes a reversal, because the issue was immaterial in this: The jury had already found that an expense contract was made between appellant and appellee for 5 per cent. commission to appellee on the price received by appellant for the land, and had already found that there were 960 acres of land which appellant sold for $6.25 per acre. This finding fixed the amount of commission, and that appellant owed it to appellee, less the payments made. The assignment shows no reversible error. Arts. 1980, 1981, Vernon's Sayles' C. St.; Roche v. Dale, 43 Tex. Civ. App. 287, 95 S. W. 1100; 62a [149 S. W. x] Rules for Court of Civil Appeals.

[5] The fifth, sixth, and seventh assignments urge error in submission to the jury of three questions raised by the pleadings, but admitted and not disputed by the evidence. The jury answered them in accordance with the evidence. It is not entirely clear that the questions are undisputed, or that it was error to submit them; but even if the court should not have submitted the questions, the error did not amount to such a denial of the rights of the appellant as was reasonably calculated to cause, or did cause, the rendition of an improper judgment in the case. Hence we cannot reverse the judgment for the errors complained of in the fifth, sixth, and seventh assignments. 62a Rules Tex. Courts of Civil Appeals. The fifth, sixth, and seventh assignments are overruled.

[6] The error urged in the eighth assignment is that in the pleadings there was no issue of reasonable worth of the services rendered by appellee in caring for the pasture of appellant, and the court erred in submitting the issue to the jury. Appellee's amended petition alleged that his services in caring for the pasture, fence, and stock during the year 1912 were reasonably worth one-half of all rents for pasture collected by appellant, and that appellant collected the sum of $50 for pasturage during the year. The issue was raised by the pleadings and the evidence, and was very properly submitted to the jury. The eighth assignment is overruled.

The error complained of in the ninth assignment is immaterial, as will appear from our discussion of the fourth assignment.

The tenth assignment is that the court should have set aside the verdict and granted a new trial because the verdict is not supported by the evidence, but is contrary thereto. The evidence abundantly supported all the findings of the jury and the judgment. This assignment is overruled

There is no error shown in the record. The judgment is affirmed.