## MACAW v. PECOS VALLEY ALFALFA LAND & OIL CO. (No. 1381.)

(Court of Civil Appeals of Texas. El Paso. Feb. 8, 1923. Rehearing Denied March 8, 1923.)

**1. Set-off and counterclaim ☞35(1)—Unliquidated demands may be set off against liquidated demands, if arising from same cause.**

Under Rev. St. art. 1329, providing if a suit be founded on a certain liquidated demand, defendant shall not set off unliquidated or uncertain damages as a defense, where a verified, itemized account for labor performed under a contract has been filed as a liquidated demand by plaintiff, defendant is not precluded from pleading unliquidated claims arising out of the same contract, since article 1330 provides defendant may plead any cause of action arising out of or incident to or connected with plaintiff's cause of action.

**2. Pleading ☞292—Statute requiring verified denial of accounts under oath held but rule of evidence applicable to open accounts.**

Rev. St. art. 3712, providing that where an action is founded on an open account and supported by plaintiff's affidavit that it is just and true, the same shall be prima facie evidence thereof, unless defendant shall file a written denial under oath, and when he fails to file such denial he shall not be permitted to deny the account, is but a rule of evidence, and its terms are applicable only to open accounts.

**3. Pleading ☞292—Held not "open account" within statute.**

An account made up of an aggregation of items based on a special contract for labor performed *held* not an open account, within the meaning of Rev. St. 3712, requiring defendant to deny under oath open accounts verified by plaintiff.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Open Account.]

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by U. G. Macaw against the Pecos Valley Alfalfa, Land & Oil Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Jno. B. Howard, of Pecos, and Clem Calhoun, of El Paso, for appellant.

H. G. Russell and Ben Palmer, both of Pecos, for appellee.

WALTHALL, J. U. G. Macaw brought this suit against the Pecos Valley Alfalfa Land & Oil Company, W. R. Lynch, Mrs. Sue Lynch, and J. B. Marshall, the last-named three acting under an agreement and declaration in trust in the name of Pecos Valley Alfalfa Land & Oil Company.

On the 15th day of January, 1921, the Pecos Valley Alfalfa Land & Oil Company

---

entered into a written contract with Macaw, by the terms of which Macaw was to grub, clear, level, and prepare for farming by irrigation, certain lands described therein, and belonging to said company, and consisting of some 1,500 acres, and located with the irrigation plant thereon, in Loving and Ward counties.

Without stating in detail the provisions of said contract, it shows that much of said lands are wild, uncultivated lands, under an irrigation system, and that Macaw was to generally prepare same for farming, and to farm same for a period of ten years, and receive a stated portion of the crops for his share and services. The contract provides that, in preparing the lands for cultivation, the company agreed to pay Macaw the sum of $3.50 for each full day's work done single handed, and $7.50 for each full day's work for a team and driver, in ditching, bordering, leveling, hauling, and such other work as may be agreed upon. It was agreed in the contract that the company should, at the time of entering into the contract, loan Macaw $2,000 "for general expenses, said money to be used in a general way to aid in the said developments," said loan to be evidenced by a promissory note, and the money to be returned within 12 months, with interest.

The contract makes other stipulations as to the rights and duties of each in operating under said contract, and which we will further state when necessary. While the petition is very meager in the statements of the cause of action, it is based, we take it, upon a supposed breach of said contract on the part of appellees. The petition states that the cause of action herein sued on is for debt for labor performed, and to "foreclose a contractor's or laborer's lien covering certain lands and property in Loving county, Tex., and said contract being performable in Loving county."

The said contract is referred to and by exhibit made a part of the petition. Appellant also makes an exhibit and a part of the petition, a verified itemized account under article 3712, Revised Statutes, for grubbing done for the company, for team work done for the company, and for day labor done for the company, the items of each, it seems, based on the contract prices for such labor, and allowing credits, leaving a total balance in Macaw's favor of $4,906.34.

Appellant asks judgment for said sum, and $2.500 actual damages in moving his family and outfit from his former place of residence to Loving county, and $2,500 exemplary damages, the cancellation of said $2,000 note, and foreclosure of his asserted laborer's lien.

Appellees answered by general and several special exceptions, general denial, and special answer, denying any personal liability as to W. R. Lynch, Mrs. Sue Lynch, and J. B. Marshall, under said contract, alleged a breach of the contract by the appellant, and set up a cross-action for damages growing out of the alleged breach of the contract by appellant, pleaded payments additional to those allowed, pleaded the making by appellant of said $2,000 note and prayed judgment thereon.

Appellees, in resisting appellant's verified itemized account as above, did not file a written denial under oath as provided in the above article of the statute, in suits on verified open accounts.

The case was tried without a jury, and on the evidence heard judgment was entered that appellant take nothing as to each of appellees, and that appellees take nothing by their cross-action against appellant.

## Opinion.

The trial court did not file findings of fact, nor are the conclusions of law indicated in the record other than as found in the judgment that the law is with the defendants.

[1] Appellant presents six propositions, but the view we entertain of them only two need to be discussed. Appellant suggests that his verified itemized account for the labor performed under the written contract, being for a liquidated demand, could not be offset by appellant's counterclaim for unliquidated damages. We take it that appellant invokes the latter portion of article 1329, Revised Statutes, which portion reads:

"If the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff."

The following article of the statute (1330), however must be taken in connection with the portion of the article above quoted. It provides that defendant may plead in set off any counterclaim founded on a cause of action arising out of, or incident to, or connected with appellant's cause of action. The record discloses that each of appellees' matters pleaded arose out of, were incident to, and directly connected with the covenants and stipulations expressly provided for in the written contract upon which the suit is based. The $2,000 evidenced by the note was an advancement of money under express provision in the contract, and with the provision that same should be used to aid in the development under the contract, and should be repaid by appellant within the time stated. The other items of appellees' counterclaim are equally incident to and grow out of the performance or nonperformance of the contract, and we think are matters that could and should be determined in the one suit.

[2, 3] Appellant, in effect, contends that

his itemized open account for $4,906.34 was duly verified as provided for under article 3712 of the statute, and that appellees did not file a written denial, under oath, to the effect that such account was not just in whole or in part, therefore, his account should be taken as prima facie evidence of such indebtedness; that appellees should not now be permitted to deny such account or any item therein, their failure to deny under oath being equivalent to a confession of the justness of the account, and that he should have judgment therefor.

The above, practically, presents the only real question in the case. Appellant refers us to Knowles v. Gary & Burns Co. (Tex. Civ. App.) 141 S. W. 189, and the case there referred to by the court. Appellant also refers us to Bay Lumber Co. v. Artman & Beuttmer (Tex. Civ. App.) 188 S. W. 279. After a careful examination of the above cases, we have concluded that they do not fit the facts here presented, and for that reason are not in point. It has long since been held that the statute here invoked prescribed a rule of evidence, and in its terms is applicable only to open accounts. For appellant's contention to have application here, the account he sued upon must be an open account. The question presented is: Is appellant's account an open account? In McCamant v. Batsell, 59 Tex. 369, and since followed by all of the courts, the term, "open account," is there fully discussed and defined.

Here the account sued upon is based upon the contract in writing, in which appellees expressly agree to pay $3.50 per day for the labor of appellant single handed, and $7.50 per day for a team and driver, a mere aggregation of items based upon a special contract. In Myers v. Grantham (Tex. Civ. App.) 187 S. W. 532, in which the suit was for labor rendered upon an implied promise to pay one-half the gross receipts for pasturage received from various persons, for riding the pasture fences, keeping them in repair, caring for the stock pastured and keeping the stock in the pasture, it was held that such obligations did not constitute an open account under the statute as construed by the Supreme Court in McCamant v. Batsell, supra, and Railway v. Daniel, 62 Tex. 70. To the same effect is Ballard v. McMillan, 5 Tex. Civ. App. 679, 25 S. W. 327; Engineers' Petroleum Co. v. Gourley (Tex. Civ. App.) 243 S. W. 595; Bixler v. Dolieve (Tex. Civ. App.) 220 S. W. 148; Wall & Carr v. J. M. Radford Grocery Co. (Tex. Civ. App.) 176 S. W. 785, in which it is held that a demand founded upon a definite contract cannot come within the meaning of an open account as used in the statute. The account here sued upon is not an "open account," and the answer defending against same need not be a denial under oath.

Appellant not having obtained a judgment for any amount, we need not pass upon the question of his alleged lien.

Finding no reversible error, the case is affirmed.